**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| James L. Gagan,               )<br>                              )<br>    Plaintiff/Judgment       )<br>    Creditor,                 )<br>                              )<br>    vs.                       )<br>                              )<br>Victor E. Sharer and James    )<br>A. Monroe, et al.,            )<br>                              )<br>    Defendants.               )<br>_____) | No. CIV 99-1427 PHX RCB<br><br>O R D E R |

On July 26, 2005, the Court denied Defendant James A. Monroe's motions to quash writs of garnishment and the filing of the foreign judgment in this matter. Order (doc. 241) ; <u>see also</u> Motions (docs. 217 & 236). Thereafter, Plaintiff James L. Gagan filed a Request for Entry of Judgement Against Garnishee. (doc. 242). In response to this request, Monroe filed a motion entitled "Motion for Stay of Order Pending Appeal and Waive the Discretionary Bond". (doc. 247). Gagan filed his objection to Monroe's motion on September 12, 2005. Resp. (doc. 254). Having carefully reviewed the arguments submitted by the parties, the Court now rules.

**I. Background Facts**

On November 23, 1994, Plaintiff James L. Gagan obtained a judgment for damages against Monroe, and others, in the amount of $1,687,500 in the United States District Court for the Northern District of Indiana. Gagan registered the judgment in the United States District Court in the District of Arizona on March 28, 1995. He recorded it in Maricopa County on March 31, 1995. Plaintiff then re-filed the Indiana judgment – obtained in 1994 – in the District Court for the District of Arizona on June 9, 2000.

On September 13, 2004, and April 6, 2005, Monroe filed motions to quash writs of garnishment and the filing of the foreign judgment in this matter, challenging the enforceability of the judgment. Motions (docs. 217 & 236). The Court, however, concluded that since Gagan filed numerous applications for writs of garnishment and motions in this matter within five years of the date the judgment was entered, the judgment had been appropriately renewed and is enforceable. Order (doc. 241) at 6-7. Consequently, the Court denied Monroe's motions to quash, and Gagan filed a request for entry of the contested judgement against garnishee Central Arizona Communications. Id. at 7; Request for Judgmt. (doc. 242). Following Gagan's request for judgment, Monroe moved the Court to stay its order on Gagan's request, pending an appeal, and waive the discretionary bond. Mot. (doc. 247).

**II. Monroe's Motion**

Federal courts have the statutory or inherent power to stay judgments or orders pending appeal. All Writs Act, 28 U.S.C. § 1651. Procedurally, discretionary stays of judgments and orders pending appeal are governed by Federal Rule of Civil Procedure

62(c) and (g) and Federal Rule of Appellate Procedure 8(a) and (b). A party seeking a stay pending appeal must show that: (1) it is likely to succeed on the merits of the appeal; (2) it will suffer irreparable injury in the absence of a stay; (3) no substantial harm will come to the other parties to the appeal; and (4) the stay will do no harm to the public interest. See In re Wymer, 5 B.R. 803, 806 (9th Cir. BAP 1980) citing Schwartz v. Covington, 341 F.2d 537 (9th Cir. 1965). In addition, "the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." Fed.R.Civ.P 62(c).

Here, Monroe asserts that each of the elements required for a discretionary stay are satisfied in this case. First, Monroe argues that he is likely to succeed on the merits of his appeal due to prior rulings in his favor made by certain Arizona courts. Mot. (doc. 247) at 2. "The issue, therefore, has been decided by the Arizona Courts, that [Gagan] never properly renewed the judgment *under A.R.S. §* 12-1611." Id. This is the same argument Monroe asserted in his motions to quash the writs of garnishment and filing of the foreign judgment, which the Court found unconvincing. See Mot. to Quash (doc. 217) at 3; Second Mot. to Quash (doc. 236) at 2. In its previous review of the Arizona Court of Appeals opinion offered by Monroe, the Court found that the Arizona court determined Gagan's judgment lien to be unenforceable, not the judgment itself. Order (doc. 241) at 3. Thus, this argument alone does not indicate a likelihood of success on the merits of the appeal.

- 3 -

1 Furthermore, the Ninth Circuit has held that the denial of a motion to quash a writ of execution is not an appealable order. See <u>United States v. Moore</u>, 878 F.2d 331 (9th Cir. 1989). The <u>Moore</u> court found that a refusal to quash a writ is not a final judgment, and, consequently, the court lacks jurisdiction over the appeal of such an order. <u>Id.</u> Thus, according to the decision in <u>Moore</u>, the Court's order denying Monroe's motion to quash the writs of garnishment is not an appealable order.

The Court concludes that Monroe has not demonstrated a likelihood of success on the merits of the appeal on either his motions to quash the writs of garnishment or his motions to quash the filing of the foreign judgment. In reaching such a conclusion, a further analysis of the remaining elements required for a discretionary stay and Monroe's request for waiver of the discretionary bond is unnecessary. The law affords Monroe the option to receive the stay he desires through the posting of a supersedeas bond. Fed.R.Civ.P 62(d); <u>In re Wymer</u>, 5 B.R. at 806 ("An appellant from a money judgment may, as a matter of right, obtain a stay of execution by posting a supersedeas bond in an approved amount at any time, whether before or after the time of filing the notice of appeal."). The Court finds no additional relief appropriate at this time.

Therefore,

IT IS ORDERED that Monroe's Motion for Stay of Order Pending Appeal and Waive the Discretionary Bond (doc. 247) is DENIED.

IT IS FURTHER ORDERED that Gagan's Request for Entry of
. . .

1  Judgement Against Garnishee (doc. 242) is GRANTED.
2  　　　DATED this 1st day of November, 2005.

_____
Robert C. Broomfield
Senior United States District Judge

8  Copies to counsel of record