**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| James L. Gagan,<br><br>    Plaintiff/Judgment<br>    Creditor,<br><br>        vs.<br><br>Victor E. Sharer and James<br>A. Monroe, et al.,<br><br>            Defendants. | No. CIV 99-1427 PHX RCB<br><br>O R D E R |

In its order dated August 28, 2000, the Court appointed Dale D. Ulrich ("Ulrich") to act as receiver in this matter. Order (doc. 63). On February 11, 2006, Ulrich filed a Motion to Approve Accounting, Approve Fees and Discharge Assets Receiver in this case. Motion (doc. 283). In his motion, Ulrich moves the Court to approve his final accounting, approve and allow payment of the fees and costs incurred, and discharge the receiver. Id. at 1. Ulrich asserts that such actions are appropriate at this time, because the assets that he was "appointed to administer have been liquidated and/or no further recovery from those assets is expected." Id. at

2.

Plaintiff James L. Gagan ("Gagan") opposes Ulrich's motion and requests. Resp. (doc. 285). In his response, Gagan argues that the Court should order the funds garnished from the Judgment Debtor's accounts to be split between the parties to achieve a more equitable result. Id. at 1. Specifically, Gagan asserts that he was forced to pay a significant amount of money in the form of attorney's fees and costs in order to file the appropriate court documents to obtain the garnished funds. Id. at 2. Therefore, he argues that "it seems only fair that Gagan, at the least, [should] be able to surcharge the amount held by the Receiver for the cost of obtaining the garnished funds." Id. The Court disagrees. Plaintiff sought the receivership and there is no indication that the receiver acted in other than a responsible manner.

IT IS ORDERED that Ulrich's Motion to Approve Accounting, Approve Fees and Discharge Assets Receiver (doc. 283) is GRANTED. The submitted accounting is approved, the fees are granted, and the receiver is discharged. Ulrich is directed to pro rate the $14,860.39 on hand between himself, as the receiver, and his counsel, based on their respective statements. Gagan shall not receive any part of the contested funds.

DATED this 18th day of April, 2006.

*signature*
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record