**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James L. Gagan, | ) |
| Plaintiff/Judgment Creditor, | ) ) No. CIV 99-1427 PHX RCB |
| vs. | ) O R D E R |
| Victor E. Sharer and James A. Monroe, et al., | ) ) ) |
| Defendants. | ) ) |

This matter is before the court on defendant James A. Monroe's motion for leave to file interlocutory appeals and motion to stay a General Writ of Execution during the pendency of those appeals, if permitted.  Mot. (doc. # 324).  The motion has been fully briefed. Resp. (doc. # 335); Reply (doc. # 336).  Having carefully considered the arguments raised, the court now rules.

**I.   DISCUSSION**

Monroe has requested certification for interlocutory appeal of the court's orders of July 26, 2005 (doc. # 241) and October 17, 2006 (doc. # 321) pursuant to 28 U.S.C. § 1292(b).  The relevant

facts are set forth in great detail in the court's recent order of October 17, 2006. See Order (doc. # 321) at 2-8. Plaintiff argues that defendant's request for certification is untimely, and, in any event, not warranted under the standards for certification. Resp. (doc. # 335) at 3-5, 8-10. The court considers each argument in turn.

**A. Timeliness**

Although there is no explicit time limit within which a party must request certification for an interlocutory appeal, see 28 U.S.C. § 1292(b), many courts have held that an unreasonable and unexplained delay in seeking certification is sufficient cause for denying the request. Scholl v. United States, 68 Fed. Cl. 58, 60 (2005) ("Unreasonable delay constitutes sufficient cause to deny a motion [for certification] . . . ."); Weir v. Propst, 915 F.2d 283, 285-87 (7th Cir. 1990) (Posner, J.) (declining jurisdiction under 28 U.S.C. § 1292(b) due to defendants' "gratuitous and protracted" delay of five months in seeking certification); In re Buspirone Patent & Antitrust Litig., 210 F.R.D. 43, 49 (S.D.N.Y. 2002) (denying request or certification due to "inexcusable or, at best, unexplained delay" of three months); Ferraro v. Sec'y of U.S. Dep't of Health & Human Servs., 780 F. Supp. 978, 979-80 (E.D.N.Y. 1992) (denying request for certification due to plaintiff's unjustified delay of two and a half months); see also 3-28 Moore's Federal Practice & Procedure § 28.11 (3d ed. 2001) ("[I]f a party takes an excessive delay in seeking an amendment, the district court may deny a motion to amend."). The Seventh Circuit has held that a delay of two months in seeking certification constitutes sufficient

grounds to refuse permission for an interlocutory appeal, and has cautioned that district judges should not grant "inexcusably dilatory request[s]" for certification. Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc., 202 F.3d 957, 958 (7th Cir. 2000) (Posner, C.J.) (citing Weir, 915 F.2d at 287).

While the Ninth Circuit has not expressed its view with regard to the timeliness of an initial request for certification, it has aligned itself with the Seventh Circuit on a very similar question dealing with requests for recertification. On that issue, the Ninth Circuit, like the Seventh Circuit, has held that an appellant may not circumvent the ten-day jurisdictional time limit of 28 U.S.C. § 1292(b) by seeking recertification of "an order that was previously certified for appeal but from which the appellant failed to timely petition to appeal." See In re Benny, 812 F.2d 1133, 1137 (9th Cir. 1987) (citing Nuclear Eng'g Co. v. Scott, 660 F.2d 241, 247 (7th Cir. 1981)). In such cases, jurisdiction over the appeal may be refused if it would fail to serve the purposes of 28 U.S.C. § 1292(b) by promoting judicial efficiency. Id.

In his reply, defendant describes the Ninth Circuit's approach as being "at substantial variance with the rather strict approach" of the Seventh Circuit in Weir. Reply (doc. # 336) at 4. Not so. If defendant takes a moment to think about this argument, he will realize that what he is effectively saying is that the Seventh Circuit is issuing inconsistent opinions. Surely, if the Seventh Circuit's decision in Weir was going to be perceived as being "at substantial variance" with its earlier decision in Nuclear Engineering, Judge Posner would not have let any inconsistency slip through. As it happens, we know that the cases are consistent with

one another, largely because the court cites <u>Nuclear Engineering</u> and <u>In re Benny</u> as authority in support of its holding in <u>Weir</u>. <u>See</u> <u>Weir</u>, 915 F.2d at 286 ("Cases such as <u>Nuclear Engineering</u> and <u>Benny</u> may be thought to stand for the proposition that reasonable simultaneity of the certification with the order certified is required."). In light of the foregoing, the court finds the Seventh Circuit approach articulated in <u>Weir</u> and <u>Richardson Electronics</u> to be particularly persuasive, and looks with scrutiny on "inexcusably dilatory request[s]" for certification.

In the present case, defendant has waited nearly fifteen months until requesting certification of the Court's July 26, 2005 order (doc. # 241) for interlocutory appeal. Rather than explain this remarkable delay, defendant maintains that his request for certification was timely. <u>See</u> Reply (doc. # 336) at 2-4. Perhaps time is relative, but there are objective standards of timeliness adhered to by most federal litigants, and the court cannot alter the spacetime continuum to accommodate defendant's notion of timeliness. If a delay of two months is "inexcusably dilatory," <u>see</u> <u>Richardson Elecs., Ltd.</u>, 202 F.3d at 958, then defendant's unexplained delay of fifteen months cannot be tolerated.

Forced by defendant's silence on the issue, the court will look to the record to understand the reasons, if any, for his delay in requesting certification of the July 26, 2005 order (doc. # 241) for interlocutory appeal. Instead of seeking "an immediate appeal," <u>see</u> 28 U.S.C. § 1292(b), defendant waited nearly one month after the issuance of the order to file a motion to stay (doc. # 247), which the court denied on November 10, 2005. <u>See</u> Order (doc. # 260). Thereafter, defendant allowed over ten months to pass, and

-4-

waited for a Writ of General Execution to issue (doc. # 290) and reissue (doc. # 306) without ever seeking certification. Instead, defendant filed an expedited motion to quash (doc. ## 313, 315) rehashing an argument which this court has rejected at least twice before. <u>See</u> Order (doc. # 321) at 2. Not only is there no justification for defendant's delay in requesting certification, but it is evident from the history of this case that defendant is not as concerned with judicial efficiency as he professes to be. Defendant's request for certification of the court's July 26, 2005 order (doc. # 241) will therefore be denied as untimely.

**B. Standards for Certification**

The decision to grant or deny a request for certification is left to the sound discretion of the district court. <u>Arthur Young & Co. v. U.S. Dist. Ct.</u>, 549 F.2d 686, 698 (9th Cir. 1977). Interlocutory review is appropriate if the court concludes that its order "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b); <u>In re Cement Antitrust Litig.</u>, 673 F.2d 1020, 1026 (9th Cir. 1982). In the present case, defendant has not demonstrated that interlocutory review is appropriate for either of the orders (doc. ## 241, 321) sought to be appealed.

**1. July 26, 2005 Order**

Even if defendant had timely requested certification of the July 26, 2005 order (doc. # 241), the request would be denied,

because an interlocutory appeal at this juncture would significantly hinder rather than "materially advance the ultimate termination of the litigation." See U.S.C. § 1292(b); see also Resp. (doc. # 335) at 2.  Moreover, the issue that defendant seeks to appeal-- whether collection efforts constitute an "action" sufficient to renew a judgment under Ariz. Rev. Stat. § 12-1611, see Mot. (doc. # 324) at 2-- is an issue of first impression, which scarcely presents "a substantial ground for difference of opinion." See Flor v. BOT Fin. Corp. (In re Flor), 79 F.3d 281, 284 (2d Cir. 1996) (noting "that the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion."); FDIC v. First Nat'l Bank, 604 F. Supp. 616, 622 (E.D. Wis. 1985) ("[T]he apparent lack of clear authority on private rights of action under the numerous federal banking laws invoked by the plaintiff suggests that any difference of opinion on this issue might prove more spurious than real.").

    Defendant claims that there is "substantial ground for difference of opinion," because the Court of Appeal of Florida has held that collection efforts do not constitute "actions on a judgment" under Fla. Stat. Ann. § 95.11.  See Mot. (doc. # 324) at 4 (citing Burshan v. Nat'l Union Fire Ins. Co., 805 So. 2d 835 (Ct. App. Fla. 2001)).  Defendant claims that this Florida statute, which sets forth the limitation periods for various types of lawsuits, is "nearly identical" to the judgment renewal statute at issue in this case, Ariz. Rev. Stat. § 12-1611.  Mot. (doc. # 324) at 4.  Apart from the fact that the statutes both contain some of the same words, e.g., "action," the court perceives no meaningful

similarity. The statutes serve different purposes, and, in the context of a statute of limitations, it is not surprising that the Florida court would narrowly interpret the word "action" as referring to a lawsuit.

Simply put, defendant has not shown any reason why the court's July 26, 2005 (doc. # 241) should be certified for interlocutory appeal. The request for certification of that order will therefore be denied as being untimely as well as unwarranted under the standards for certification.

**2. October 17, 2006 Order**

The court is similarly unconvinced that the standards of certification have been met with respect to its October 17, 2006 order (doc. # 321) rejecting defendant's arguments based on the Rooker-Feldman and preclusion doctrines. As it is, the case is on the verge of finality. If an interlocutory appeal is taken now and the Rooker-Feldman and preclusion doctrines found inapplicable, the ultimate termination of the litigation would be delayed by several months only to return the case to where it is today. Defendant's willingness to wager limited judicial resources on appeals of questionable merit does not demonstrate any concern for judicial efficiency. Rather than materially advancing the resolution of this case, an interlocutory appeal would have the effect of needlessly protracting the case and increasing the cost of this litigation for the parties and for the court.

More importantly, there is not a substantial ground for a difference of opinion as to the applicability of the Rooker-Feldman and preclusion doctrines under the facts of this case. These are

-7-

1 essentially arguments that defendant has driven around the course a
2 number of times before, albeit in subtly different forms, without
3 success.  With regard to Rooker-Feldman, the court's October 17,
4 2006 order relied heavily on the Ninth Circuit's guidance on the
5 "inextricably intertwined" test, see Maldanado v. Harris, 370 F.3d
6 945, 950 (9th Cir. 2004), and explained why the present action does
7 not constitute a "de facto appeal" of the state court decision.
8 See Order (doc. # 321) at 10-15.  With regard to collateral
9 estoppel, the court has explained time and time again, but most
10 explicitly in its October 17, 2006 order, that the issue of a
11 judgment's enforceability is not the "same," "precisely the same,"
12 or "identical" to the issue of whether a judgment lien was timely
13 renewed.  Id. at 15-19.  Defendant has not shown any likelihood of
14 substantial differences of opinion on these questions.  For these
15 reasons, the Court concludes that an interlocutory  appeal of the
16 Court's October 17, 2006 order (doc. # 321) would not be
17 appropriate in this case.

18 Finally, because no order has been certified for immediate
19 appeal under 28 U.S.C. § 1292(b), and defendant Monroe's previously
20 filed appeals (doc. ## 245, 264) have recently been dismissed under
21 Fed. R. App. P. 42(b), see Mandate (doc. # 325), defendant has no
22 appeals pending.  Accordingly, his motion to stay the Writ of
23 General Execution pending appeals will be denied.

## II. CONCLUSION

In light of the foregoing analysis,

IT IS ORDERED that defendant James A. Monroe's motion for leave to file interlocutory appeals (doc. # 324) is DENIED.

IT IS FURTHER ORDERED that defendant James A. Monroe's motion to stay (doc. # 324) is DENIED.

DATED this 6th day of November, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record