WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

James L. Gagan,                          )
                                         )
  Plaintiff/Judgment Creditor, )    No. CIV 2:99-1427-PHX-RCB
                                         )    No. CIV 2:08-00018-PHX-EHC
            vs.                          )         O R D E R
                                         )
The Estate of Victor E.            )
Sharar; and James A. Monroe,  )
et al.,                                  )
                                         )
  Defendants.                        )
_____)

      Currently before the court is a motion by James L. Gagan to

transfer <u>Monroe v. Gagan</u>, 2:08-cv-00018-EHC ("<u>Monroe</u>") to this

court pursuant to LRCiv 42.1(a)(1) and Fed. R. Civ. P. 42(a).  Doc.

369.  Additionally, Mr. Gagan "requests an extension [of] time,

such as ten days from the date of entry of" this order in which to

file his answer in <u>Monroe</u>.  <u>Id.</u> at 3.  In the exercise of its

discretion, for the reasons set forth below, the court GRANTS this

motion in all respects.

. . .

***Background***

*I.   Gagan v. Sharar*

For more than a decade this court has presided over <u>Gagan v. Sharar</u>, 2:99-cv-1427-RCB ("<u>Gagan</u>"), wherein Mr. Gagan was seeking to enforce an Indiana judgment of roughly $1.7 million dollars against James A. Monroe, among others.  As part of those enforcement efforts, there was a United States Marshal's sale of Mr. Monroe's real property located at 9795 East Caron Street, Scottsdale, Arizona 85258.  <u>See</u> Doc. 347 (U.S. Marshal's Deed).  At the time of that sale Mr. Monroe's daughter, Kimberly Monroe Clark, was residing there, but Mr. Monroe was not.  <u>See</u> Doc. 5 (2:08-cv-00018-EHC) (Amended Co.) at 5, ¶ 3.

The proceeds of that sale were to be applied toward the satisfaction of the Indiana judgment.  Doc. 341 (Amended U.S. Marshal's Certificate of Sale) at 1.  Mr. Gagan, the highest bidder at the Marshal's sale, bought the subject property for $560,000.00. Doc. 347 at 2.  The United States Marshal issued a deed to Mr. Gagan on May 15, 2007.  <u>See</u> <u>id.</u>  Thereafter, "[i]n June, 2007, [Mr.] Gagan entered into a contract with . . . Ross Miljenovich to sell to him for $750,000 whatever right, title and interest the United States Marshal's Deed had vested in Gagan."  Doc. 1 (2:08-cv-00018-EHC)  (<u>Monroe</u> Not. of Removal) at 3, ¶ 4.

*II.   Monroe v. Gagan*

Unwilling to concede defeat, on August 31, 2007, Mr. Monroe filed an action in Arizona Superior Court, Maricopa County, against Messrs. Gagan and Miljenovich[1].  In that action, Mr. Monroe alleges

---

[1]     Mr. Monroe's daughter is also a plaintiff in that action alleging, *inter alia*, wrongful eviction.

1   that despite the Marshal's sale and subsequent purchase by Mr.

2   Miljenovich, he "is the lawful owner of a fee simple estate" in the

3   subject property.  Doc. 5 (2:08-cv-00018-EHC) (Amended Co.) at 2, ¶

4   2.  Mr. Monroe further alleges that "[u]pon information and

5   belief," the United States Marshal, "act[ing] upon the advice and

6   instructions of Defendants Gagan[,]" refused to pay Mr. Monroe the

7   $150,000.00 statutory homestead exemption.  Id. at 5-6, ¶¶ 14-17.

8   The failure to pay that exemption, Mr. Monroe alleges, renders

9   "invalid[]" Mr. Gagan's May 15, 2007 Marshal's deed.  Id. at 6-7, ¶

10  19.  Mr. Monroe is seeking, inter alia, a declaration that the

11  "Indiana Judgment against [him], domesticated in Arizona . . . ,

12  was not renewed and expired and was, therefore, of no further force

13  or effect and that it was, and is, invalid in the State of

14  Arizona[.]"  Id. at 7, ¶ A(1).  Mr. Monroe is also seeking a

15  declaration that the May 15, 2007 Marshal's Deed "is void and

16  invalid."[2]  Id. at 7, ¶ A(2).

17      A few days after Mr. Monroe filed his state court action, Mr.

18  Miljenovich filed a state court action of his own against Mr.

19  Gagan.  Eventually those two actions were consolidated.  After

20  consolidation, Mr. Gagan removed the action to the United States

21  District Court, District of Arizona.  In turn, on January 4, 2008,

22  the consolidated action was randomly assigned to the Honorable Earl

23  H. Carroll, Senior United States District Court Judge.

## ***Discussion***

25      Shortly after removal, Mr. Gagan filed the present motion

26

27      [2]      The cited references in this paragraph are from the amended complaint
28  in this removed action, but these particular allegations are identical to Mr.
    Monroe's state court complaint.

seeking to have <u>Monroe</u> transferred[3] to this court pursuant to Fed.

R. Civ. P. 42(a)[4] and LRCiv 42.1(a)(1).  The latter Rule states, in

pertinent part, as follows:

> Whenever two or more cases are *pending* before different Judges and any party believes that such cases (A) arise from substantially the same transaction or event; (B) involve substantially the same parties or property; . . . (D) calls for determination of substantially the same question of law; *or* (E) for any other reason would *entail substantial duplication of labor if heard by different Judges*, any party may file a *motion to transfer* the case or cases involved to a single Judge.

LRCiv. 42.1(a)(1) (emphasis added).  Mr. Gagan stresses that the

validity of the Indiana judgment was repeatedly argued in <u>Gagan</u>,

and it is again being challenged in <u>Monroe</u>.  Accordingly, Mr. Gagan

contends that transfer of <u>Monroe</u> to this court is proper because

"the exact requirements" of LRCiv 42.1(a)(1) are met in that <u>Monroe</u>

"involves substantially the same transaction or event, the same

parties and property, calls for the same determination of the same

questions of law and could create a[] . . . substantial duplication

of labor" if Judge Carroll were to proceed with <u>Monroe</u>.  Mot. (doc.

369) at 3 and 2.

Mr. Monroe's response misses the mark.  Rather than addressing

these transfer arguments, he focuses primarily upon jurisdictional

and other arguments which are germane to the pending motion to

---

[3]     Mr. Gagan also mentions consolidation in passing, but he only specifically seeks a transfer.  Mot. (doc. 369) at 1 and 3.

[4]     The applicability of this particular Rule is questionable here given that it speaks strictly of "consolidation."  Arguably the transfer which Mr. Gagan is seeking comes within the ambit of subsection three, however, which allows a court to "issue any other orders to avoid unnecessary cost or delay."  <u>See</u> Fed. R. Civ. P. 42(a)(1)(3).

1  remand,[5] but not to this transfer motion.

2      "The standard for transfer [pursuant to LRCiv 42.1] is similar

3  to the standard for consolidation under Rule 42(a) of the Federal

4  Rules of Civil Procedure and district courts have broad discretion

5  in determining whether to grant such motions." Pangerl v. Ehrlich,

6  2007 WL 686703, at *2 (D. Ariz. 2007) (citing Investors Research

7  Co. v. U.S. Dist. Ct. for Cent. Dist. of California, 877 F.2d 777

8  ([9th Cir.] 1989)).  By its terms, LRCiv 42.1(a)(1) does not

9  require that each of its subsections be shown before a transfer is

10 proper thereunder.  In the present case, though, several of those

11 subsections do apply.  First, Monroe "arises from substantially the

12 same transaction or events" as Gagan in that both pertain to the

13 validity of the Indiana judgment.  Likewise, there is no doubt that

14 Gagan and Monroe involve "substantially the same parties or

15 property" given that Messrs. Gagan and Monroe were parties in Gagan

16 and they are parties in Monroe as well.  Additionally, the United

17 States Marshal's sale which Mr. Monroe is challenging in Monroe,

18 arose directly as a result of Gagan.

19      Furthermore, both Gagan and Monroe involve "substantially the

20 same question of law," i.e. the validity of the Indiana judgment.

21 The court is keenly aware that in Monroe there are also issues

22 pertaining to Mr. Gagan's alleged failure to comply with Arizona

23 state law regarding homestead exemptions.  At the same time,

24 however, the court cannot ignore the fact that in Monroe, as noted

25 earlier, Mr. Monroe is explicitly seeking a declaration that the

26

27      [5]    On January 28, 2008, the same day this transfer motion was filed, the
   Monroes filed a motion to remand the removed action to state court. Mot. (doc. 7)
28 (2:08-cv-00018-EHC).

1   Indiana judgment is invalid – an issue which this court addressed

2   on more than one occasion in <u>Gagan</u>.  Thus, while, as Mr. Gagan

3   concedes, <u>Gagan</u> and <u>Monroe</u> do not involve "the exact same question

4   of law," exactness is not the standard under LRCiv. 42.1(a)(1).

5   <u>See</u> Reply (doc. 373) at 2.

6        Last, but certainly not least, subsection (E), the broad,

7   catch-all provision of LRCiv 42.1(a)(1), provides ample

8   justification for transferring <u>Monroe</u> to this court.  Given this

9   court's intimate familiarity with <u>Gagan</u>, gained by presiding over

10  that litigation for more than a decade, the court finds that there

11  would be a "substantial duplication of labor" if Judge Carroll were

12  to retain <u>Monroe</u>.  Requiring Judge Carroll to, colloquially

13  speaking, "get up to speed" on this protracted litigation would not

14  be in the interest of judicial economy.  Rather, judicial economy

15  and the avoidance of duplicative efforts favors transferring <u>Monroe</u>

16  to this court.

17       Moreover, although Mr. Gagan does not specifically invoke

18  LRCiv 42.1(a)(1)(4), the factors enumerated therein also weigh

19  heavily in favor of a transfer here.  That Rule provides in

20  relevant part as follows:

21            In determining the Judge to whom the case . . .
             will be assigned pursuant to subparagraph[] (a)(1)
22            . . . above, the following factors may be considered:
             (A) whether substantive matters have been considered
23            in a case; (B) which Judge has the most familiarity
             with the issues involved in the case; (C) whether a
24            case is reasonably viewed as the lead or principal
             case; *or* (D) any other factor serving the interest of
25            judicial economy.

26  LRCiv 42.1(a)(1)(4) (emphasis added).  First, due to the fact that

27  <u>Monroe</u> was fairly recently removed, Judge Carroll has not yet

28  considered any substantive matters in that case.  Second,

- 6 -

undeniably this court has "the most familiarity with the issues involved" in Monroe in that this court's rulings in Gagan set the stage for the U.S. Marshal's sale, which is being challenged in Monroe.  Third, for these reasons, as well as those previously discussed, transfer and reassignment of Monroe to this court would best serve the "interest of judicial economy."

### *Conclusion*

In light of the foregoing, IT IS HEREBY ORDERED that Mr. Gagan's motion to transfer (doc. 369) the case of Monroe v. Gagan, 2:08-cv-00018-EHC is GRANTED;

IT IS FURTHER ORDERED that Mr. Gagan's unopposed request for an extension of time in which to file an answer to the amended complaint in Monroe is GRANTED; he shall have ten (10) days from the entry date of this order in which to file and serve such answer; and

IT IS FINALLY ORDERED that a copy of this order shall be provided to Senior United States District Court Judge Earl H. Carroll.

DATED this 17th day of July, 2008.


_____
Robert C. Broomfield
Senior United States District Judge


Copies to counsel of record