1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James L. Gagan,<br>c/o David G. Bray<br>Mariscal, Weeks, McIntyre<br>Friedlander, P.A.<br>2901 N. Central Ave.,<br>Suite 200<br>Phoenix, AZ 85012,<br><br>    Plaintiff/Judgment<br>    Creditor,<br><br>    vs.<br><br>James A. Monroe<br>12880 East Mercer Lane<br>Scottsdale, AZ 85259,<br><br>Defendant/Judgment Debtor,<br><br>Kim Sullivan a/k/a Kimberley<br>Sullivan a/k/a Kim Monroe<br>a/k/a Kimberley Monroe<br>a/k/a/ Kimberley Martin<br>a/k/a Kimberly Perry<br>a/k/a Kimberley Pirtle<br>a/k/a Kimberley Clark<br>12880 East Mercer Lane<br>Scottsdale, AZ 85259,<br><br>  Garnishee Defendant.<br>_____ | No. CIV 99-1427-PHX-RCB<br><br><br><br><br>        O R D E R |

1      Currently pending before the court is "Judgment
2 Creditor's Request for Discovery Re: Kimberly Sullivan and
3 Request to Continue Conclusion of Hearing Scheduled to
4 Commence at 10:30 a.m. October 22, 2012" (Doc. 429) at 1:12-
5 16 (emphasis omitted).  Because the judgment creditor, James
6 L. Gagan, and garnishee/ defendant Sullivan each requested a
7 continuance, the court previously granted that relief.  Ord.
8 (Doc. 431) at 2:9-12.  At that time, however, to allow Ms.
9 Sullivan time to respond, the court did not rule upon the
10 second aspect of the pending motion -- the judgment
11 creditor's discovery request as to Ms. Sullivan.  For that
12 same reason, the court also did not set a continuation date
13 for the previously scheduled October 22, 2012, hearing.  Id.
14 at 2:12-14.
15      Garnishee/defendant Sullivan has not responded to
16 judgment creditor Gagan's discovery request, and the time to
17 do so has long since passed.  For the reasons set forth
18 below, the court finds that the judgment creditor's request
19 for discovery pursuant to Fed.R.Civ.P. 69(a)(2) is warranted
20 and **GRANTS** such relief.

### *Background*

22      Since at least March, 1995, Mr. Gagan has been attempting
23 to enforce a roughly $1.7 million dollar judgment he obtained
24 against Mr. Monroe in the United States District Court for the
25 Northern District of Indiana.  The court assumes familiarity
26 with Mr. Gagan's prolonged, and to-date unsuccessful efforts,
27 to collect upon that judgment.  The focus of Mr. Gagan's
28 latest collection attempt is Mr. Monroe's daughter,

1  garnishee/defendant Sullivan.

2  Mr. Gagan is seeking discovery with respect to Ms. Sullivan because he has a "good faith belief" that she "possesses assets" of judgment debtor Monroe, "as well as information responsive to the Writ of Garnishment that was withheld." Mot. (Doc. 429) at 4:2-3. That belief is based upon the following.

8  As to Ms. Sullivan's possible possession of Mr. Monroe's assets, Mr. Gagan believes that Mr. Monroe and his daughter, Ms. Sullivan, have been living in the same residence "for years where his personal possessions are stored." Mot. (Doc. 429) at 2:23-24. Despite that, Mr. Gagan points out that in her garnishment answer, she responded, "'na'" to this statement: "'I was in possession of the following personal property belonging to the Judgment Debtor.'" Id. at 2:24-3:1. Mr. Gagan also is skeptical of Ms. Sullivan's claim that she has "'no knowledge'" of various business entities established by her father, Mr. Monroe. See id. at 3:1-6.

19  Mr. Gagan further points out that although during his deposition Mr. Monroe testified that "he provided money to Ms. Sullivan in the form of 'rent[,]'" she has indicated to the contrary. In particular, Ms. Sullivan previously testified that "there have been 'no transfers' of 'any monies and/or property, real or personal' to her by Defendant [Monroe] in the past four (4) years." Id. at 3:8-10. Mr. Gagan argues that he is entitled to "explore Ms. Sullivan's answers in a deposition," as to the foregoing. Id. at 3:10-11. And, "if appropriate," after the deposition, Mr. Gagan wants to serve

1  Ms. Sullivan with a document production request.  Id. at 3:11.
2     Lastly, Mr. Gagan wants unspecified discovery regarding
3  Ms. Sullivan's "participation" in Latekedi Group, LLC, an
4  Arizona limited liability company, in which she is listed as a
5  "member," and in Turtle Communications, Inc., a Texas
6  corporation, of which she is the president.  Id. at 3:24; and
7  exhs. A (Doc. 429-1) at 2-3; and B (Doc. 429-1) at 5-6.

### *Discussion*

9      Federal Rule of Civil Procedure 69(a)(2) governs
10 discovery in judgment enforcement proceedings.  That Rule
11 provides that a judgment creditor "may obtain discovery from
12 *any person* -- including the judgment debtor -- as provided in
13 these rules or by the procedure of the state where the court
14 is located."  Fed.R.Civ.P. 69(a)(2) (emphasis added).  "This
15 rule entitles a judgment creditor to 'a very thorough
16 examination of the judgment debtor.'" Internet Direct
17 Response, Inc. v. Buckley, 2010 WL 1752181, at *2 (C.D.Cal.
18 2010) (quoting Credit Lyonnais, S.A. v. SGC Intl, Inc., 160
19 F.3d 428, 430-31 (8th Cir. 1998) (quoting, in turn, Caisson
20 Corp. v. County West Bldg. Corp., 62 F.R.D. 331, 335
21 (E.D.Pa.1974)).  That is because "[a] judgment creditor 'must
22 be given the freedom to make a broad inquiry to discover
23 hidden or concealed assets of the judgment debtor.'" Sequoia
24 Prop. & Equip. Ltd. P'ship v. United States, 2002 WL 32388132,
25 at *3 (quoting, *inter alia*, Caisson Corp., 62 F.R.D. at 334).
26 "'The scope of postjudgment discovery is very broad to permit
27 a judgment creditor to discover assets upon which execution
28 may be made.'" Id. (quoting Federal Deposit Ins. Corp. v.

1 LeGrand, 43 F.3d 163, 172 (5th Cir. 1995)).  Not only is the
2 scope of such discovery broad, but "[t]he presumption should
3 be in favor of full discovery of any matters arguably related
4 to the [creditors] efforts to trace [the debtor's] assets and
5 otherwise to enforce the judgment." Internet Direct, 2010 WL
6 1752181, at *2 (quoting Credit Lyonnais, 160 F.3d at 430-31).
7      In accordance with the foregoing principles, based upon
8 the record as presently constituted, and there being no
9 opposition from Ms. Sullivan, the court finds that the
10 information Mr. Gagan is seeking "is related to [his] efforts
11 to trace the defendant[] [judgment debtor's] assets and
12 otherwise to enforce its judgment, and thus that its discovery
13 is appropriate." See Mission Capital Works, Inc. v. SC
14 Restaurants, Inc., 2009 WL 4895315, at *2 (citing Credit
15 Lyonnaise, 160 F.3d at 431).  The court therefore **GRANTS** Mr.
16 Gagan's request to "undertake formal discovery with respect to
17 Ms. Sullivan's garnishment answer and with regard to the
18 transfers, transactions, and relationships between and among
19 the Judgment Debtor and his daughter garnishee Kimberly
20 Sullivan[.]" Mot. (Doc. 429) at 4:6-8.
21      Accordingly, the court hereby:
22      (1) **GRANTS** the judgment creditor's "Request for Discovery
23 Re: Kimberly Sullivan[;]" (Doc. 429); such discovery **shall be**
24 **completed within ninety (90) days of the date of entry of this**
25 **order**; and the court **shall set a hearing date within two (2)**
26 . . .
27
28

**weeks** after completion of that discovery.

DATED this 19th day of November, 2012.

_____
Robert C. Broomfield
Senior United States District Judge

copies to all counsel of record and
garnishee/defendant Kim Sullivan *pro se*