**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James L. Gagan,<br>c/o David G. Bray<br>Mariscal, Weeks, McIntyre<br>Friedlander, P.A.<br>2901 N. Central Ave.,<br>Suite 200<br>Phoenix, AZ 85012,<br><br>    Plaintiff/Judgment<br>    Creditor,<br><br>  vs.<br><br>James A. Monroe<br>12880 East Mercer Lane<br>Scottsdale, AZ 85259,<br><br>Defendant/Judgment Debtor,<br>    *et al.* | No. CIV 99-1427-PHX-RCB<br><br><br><br><br>O R D E R |

Currently pending before the court is a "Motion to Withdraw as Counsel for Defendant Monroe" filed by his attorney, David H. Carmichael, on February 1, 2013 (Doc. 451). On February 11, 2013, this court ordered defendant James A. Monroe to file "[a] response, if any," to that withdrawal motion by "**no later than fourteen (14) days** from

the date of entry of this order[,]" *i.e.*, by February 25, 2013.  See Ord. (Doc. 458) at 2:5-7 (emphasis in original). To date, Mr. Monroe has not filed a response, timely or otherwise.

In the meantime, on February 22, 2013, plaintiff Gagan filed a motion for an order to show cause ("OSC"), "request[ing] that this Court issue a rule requiring James Monroe to appear and show cause, if any, why he should not be held in contempt of this Court, and if found to be in contempt that the Court punish him by fine, the costs incurred by Plaintiff to pursue this matter and for any other relief the Court deems appropriate."  Mot. (Doc. 464) at 2:20-23.  The asserted basis for that motion was defendant Monroe's failure "to provide written discovery responses by February 18, 2013, in violation of this Court's prior Orders."  Id. at 2:14-15, ¶ 6 (citations omitted).  On February 27, 2013, this court granted plaintiff's OSC, requiring Mr. Monroe to "appear before this Court on the 26th day of March, 2013 at 10:00 a.m. in Courtroom 606, Sandra Day O'Connor United States Courthouse, 401 West Washington, Phoenix, Arizona 85003[.]" Ord. (Doc. 466) at 1:23-25.

As demonstrated below, it is unclear from the record as presently constituted as to whether Mr. Monroe personally has had actual notice of any of the following: (1) his counsel's motion to withdraw; (2) this court's related filing order; (3) the motion for the OSC; and (4) this court's order granting the OSC.

LRCiv 83.3(b) governs attorney withdrawal, among other

1 things.  The client's "last known *residence*" is required,
2 along with other information, to be provided in the
3 attorney's supporting "written application" for withdrawal.
4 See LRCiv 83.3(b) (emphasis added).  Attorney Carmichael's
5 "Certification" indicates that  Mr. Monroe's "last known
6 *address* . . . is P.O. Box 5322, Scottsdale, AZ[] 85261[,]"
7 but it does not, as LRCiv 83.3(b) mandates, provide Mr.
8 Monroe's "last known residence."  See Cert. (Doc. 451-1) at
9 1:23-24.  In any event, attorney Carmichael's motion
10 indicates that on February 1, 2013, a "COPY" of that motion,
11 addressed to Mr. James Monroe at that P.O. Box address, was
12 "deposited in the U.S. Mail[.]"  See Mot. (Doc. 451) at 2.
13      As to this court's order permitting Mr. Monroe to file a
14 response to the withdrawal motion, the order itself
15 explicitly indicated that a copy was to be provided to "James
16 A. Monroe[,]" among others.  Ord. (Doc. 458) at 2:20.  The
17 Notice of Electronic Filing ("NEF"), originating in the
18 office of the Clerk of the Court does not mention Mr. Monroe
19 individually, however.  The NEF does indicate, though, that
20 Mr. Monroe's current attorney of record, Mr. Carmichael, was
21 electronically provided with a copy of the order.  Doc. 458
22 NEF at 2.
23      The NEF further states that notice of this court's order
24 was "**sent by other means to those listed below if they are**
25 **affected by this filing** [.]" Id. (emphasis in original).
26 Among those listed are Salt River Cablevision LLC and San
27 Carlos Cablevision LLC, both "c/o James A[.] Monroe[,]"
28 although two different addresses are provided – neither of

1  which is Mr. Monroe's purported P.O. Box mailing address. Of
2  more import is the fact that copies of this court's order
3  mailed to those two entities, "c/o James A[.] Monroe[,]" were
4  returned to this court as undeliverable.  Doc. 460 at 2 and
5  3.

6      In moving for an OSC, on February 22, 2013, plaintiff
7  Gagan indicated that a copy of that motion was "placed . . .
8  in the U.S. Mail, postage prepaid, first class[,]" and mailed
9  to, among others, "James A. Monroe 12880 East Mercer Lane
10 Scottsdale, Arizona 85259[.]"  OSC Mot. (Doc. 464) at 4:4-7.
11 The NEF indicates that Mr. Monroe's attorney was
12 electronically served with the motion for an OSC as well.
13 Doc. 464 NEF at 1.  On February 27, 2013, the order granting
14 plaintiff's motion for an OSC was filed.  Ord. (Doc. 466).
15 Once again, Mr. Monroe's attorney was electronically served
16 with that Order.  Doc. 466 NEF at 1.

17     As stated at the outset, and as the foregoing shows, the
18 record is unclear as to whether Mr. Monroe has had actual
19 notice of: (1) his attorney's motion to withdraw; (2) the
20 court's order permitting Mr. Monroe to file a response to
21 that motion; (3) plaintiff Gagan's motion for an OSC; and (4)
22 this court's order granting that OSC.  Counsel should be
23 prepared to address these actual notice concerns at the OSC,
24 scheduled for March 26, 2012, at 10:00 a.m. in Courtroom 606
25 of the Sandra Day O'Connor United States Courthouse, 401 West
26 Washington Street, Phoenix, Arizona 85003.  At a minimum,
27 attorney David Carmichael, Mr. Monroe's current counsel of
28 record, should be prepared, to the extent possible, to advise

the court, with specificity, as to his personal knowledge of the facts and circumstances regarding Mr. Monroe's actual knowledge of the four items listed above. Similarly, at a minimum, plaintiff Gagan's counsel, attorney David Bray, also should be prepared, to the extent possible, to advise the court, with specificity, as to his personal knowledge of the facts and circumstances surrounding actual notice to Mr. Monroe of the OSC motion and the OSC itself.

DATED this 22nd day of March, 2013.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record, James A. Monroe and Kimberly Sullivan