**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| James L. Gagan,<br>c/o David G. Bray<br>Mariscal, Weeks, McIntyre<br>Friedlander, P.A.<br>2901 N. Central Ave.,<br>Suite 200<br>Phoenix, AZ 85012,<br><br>    Plaintiff/Judgment<br>    Creditor,<br><br>vs.<br><br>James A. Monroe, *et al.*,<br>12880 East Mercer Lane<br>Scottsdale, AZ 85259,<br><br>        Defendant/Judgment<br>        Debtor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. CIV 99-1427-PHX-RCB<br><br><br>O R D E R |

   Currently pending before the court is plaintiff Gagan's motion to compel (Doc. 470).  Plaintiff is seeking to compel defendant Monroe to "provide complete and non-evasive written discovery responses, [and to] submit to a deposition[.]" Mot. (Doc. 470) at 3:12.  No opposition has been filed as

LRCiv 7.2(c) allows, and the time to do so has passed.[1]

## *Background*

Plaintiff Gagan served interrogatories and requests for production of documents upon defendant Monroe on January 15, 2013.  Mot. (Doc. 470), exh. A thereto (Doc. 470-1) at 2. Pursuant to an order of this court, defendant Monroe was required to "provide responses to [plaintiff's] written discovery by **no later than February 18, 2013**[.]" Id., exh. D thereto (Doc. 470-4) at 12:14-15, ¶ (2) (emphasis in original).  That order further required defendant Monroe to "make himself available for deposition **within the next 45 days after** written discovery responses are served[.]" Id. at 2:16-18 (emphasis in original).

On February 26, 2013, eight days late, the plaintiff did receive written discovery responses from defendant Monroe. Mot. (Doc. 470) at 2, ¶ 5.  As detailed in plaintiff's correspondence to defendant Monroe, those "responses were evasive and incomplete." Id.; see also id., exh. A thereto (Doc. 470-1) at 2-8.  Therefore, as Fed.R.Civ.P. 37(a)(1) mandates, on March 6, 2013, plaintiff wrote to defendant Monroe in "a good faith effort to obtain proper responses and production of documents without court intervention." Id., exh. A thereto (Doc. 470-1) at 2.  After outlining the

---

[1] LRCiv 7.2(c) provides that an opposing party has "fourteen (14) days after service in a civil . . . case within which to serve and file a responsive memorandum."  Defendant Monroe was served by mail at his last known address: 12880 East Mercer Lane, Scottsdale, Arizona 85259. Mot. (Doc. 470), Notice of Electronic Filing at 2.  Thus, calculating the time to respond in accordance with Fed.R.Civ.P. 6(d), and considering that this motion to compel was filed on March 18, 2013, defendant Monroe had until April 4, 2013 by which to respond, but he did not.

1 various deficiencies in defendant's discovery responses,
2 plaintiff requested that Monroe "provide complete and non-
3 evasive discovery responses as requested . . . [by] no later
4 than March 14, 2013." Id. at 8.
5     Defendant Monroe's counsel at the time, David Carmichael
6 responded to plaintiff's letter request by forwarding a copy
7 of that letter to defendant Monroe via e-mail, with a copy to
8 plaintiff's attorney, David Bray. Id., exh. B thereto (Doc.
9 470-2) at 2. In that e-mail, attorney Carmichael advised Mr.
10 Bray that he had "no objection to [Bray] contact [defendant
11 Monroe] directly." Id. Therefore, on March 11, 2013,
12 plaintiff's counsel contacted defendant Monroe via e-mail,
13 attaching a copy of the March 6, 2013 letter, and requesting
14 that Monroe "advise as to the status of [his] responses[.]"
15 Id., exh. C thereto (Doc. 470-3) at 2. A copy of this
16 court's order discussed above was also attached to that e-
17 mail. Hence, plaintiff requested that defendant Monroe
18 provide dates he was "available for deposition during the
19 last week of March and first week of April." Id.
20     When no response was forthcoming, on March 14, 2013,
21 plaintiff again contacted defendant Monroe via e-mail, with a
22 copy to his counsel at the time, Mr. Carmichael. In that e-
23 mail, plaintiff explained that due to a lack of response from
24 defendant Monroe, he would be seeking court intervention to
25 compel Monroe to "provide complete written discovery
26 responses and submit to the deposition the Court previously
27 ordered." Id., exh. D thereto (Doc. 470-4) at 2.
28     Defendant Monroe did not: (1) comply with this court's

February 8, 2013 order; (2) timely respond to plaintiff's written discovery demands; (3) respond to plaintiff's request that he supply more complete discovery responses by March 14, 2013; (4) respond to plaintiff's March 11, 2013 request that he apprise plaintiff of the status of his discovery responses; (5) provide possible deposition dates, as plaintiff requested; or (6) file a response to this motion.

### *Discussion*

In compliance with Fed.R.Civ.P. 37(a)(1), plaintiff Gagan "[o]n notice to other parties and all affected persons,"[2] moved this court "for an order compelling . . . discovery." See Fed.R.Civ.P. 37(a)(1). That motion also included the necessary certification that plaintiff had made a "good faith" attempt to obtain discovery without court intervention, as earlier noted. See cite. In considering a motion to compel, Rule 37(4) directs that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed.R.Civ.P. 37(4).

Based upon defendant Monroe's failure to comply with this court's discovery order, combined with his failure to respond to any of the requests enumerated above and his failure to respond to this motion, it is abundantly clear that plaintiff Gagan is entitled to the discovery relief which he is seeking herein. Therefore, the court grants plaintiff's motion to

---

[2] Not only was defendant Monroe's counsel at the time served with this motion, but defendant himself was also served, as mentioned in the preceding footnote.

-4-

compel. Defendant Monroe is advised that his failure to fully comply with this discovery order, including the time frames set by this court, or otherwise fail to cooperate in discovery in this matter, may result in sanctions, including possible contempt proceedings.

Accordingly, **IT IS ORDERED** that:

(1) plaintiff Gagan's motion to compel (Doc. 470) is **GRANTED**;

(2) defendant James A. Monroe **shall file complete and non-evasive discovery responses, without objection, on or before May 3, 2013**;

(3) defendant James A. Monroe **shall** make himself available for a deposition **within the next 45 days after** the service of written discovery responses; and defendants James A. Monroe **shall fully cooperate** with plaintiff's counsel in establishing the date and time for his deposition;

(4) the Clerk of the Court **shall** place a copy of this order in the United States mail, postage prepaid, first class to defendant James A. Monroe, 12880 East Mercer Lane, Scottsdale, Arizona **and** to defendant James A. Monroe, P.O. Box 5322, Scottsdale, Arizona 85261;[3] and

. . .

---

[3] The court did previously indicate that it would be using defendant Monroe's P.O. Box address for service of its April 1, 2013 order only. See Gagan v. Monroe, 2013 WL 1339935, at *6 (D.Ariz. April 1, 2013); Ord. (Doc. 475) at 14:2-5. However, in an abundance of caution and because this court's March 22, 2013 order (doc. 472) was returned as undeliverable when mailed to the East Mercer Lane address, once again, the court is ordering service upon defendant Monroe at his last known P.O. Box address as stated above.

(5) the Clerk of the Court **shall** provide defendant James A. Monroe with a copy of this order electronically to his last known e-mail address: jimmonroe@cox.net[4]

DATED this 8th day of April, 2013.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record; James A. Monroe (12880 East Mercer Lane, Scottsdale, Arizona 85259; P.O. Box 5322, Scottsdale, Arizona 85261; and jimmonroe@cox.net); and Kimberly Sullivan *pro se* (12880 East Mercer Lane, Scottsdale, Arizona 85259).

---

[4] Also in an abundance of caution, the court is directing service upon defendant Monroe at his last known e-mail address which he used as recently as February 5, 2013. See Gagan, 2013 WL 139935, at *2; Ord. (Doc. 475) at 4:6-8.

- 6 -