WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James L Gagan, | No. CV-99-01427-PHX-RCB |
| Plaintiff, | **O R D E R** |
| v. | |
| Victor E Sharar, et al., | |
| Defendants. | |

There are two closely related motions pending before the court. The first is defendant Monroe's motion for a stay (Doc. 505),[1] which includes a request for judicial notice. The second is a "Motion to Quash Subpoena" by Gary Hirth, a non-party who is appearing *pro se* (Doc. 514). Plaintiff Gagan did not respond to the first motion, but he did respond to the second and opposes it (Doc. 512). For the reasons set forth below, the court hereby **GRANTS both** motions (Docs. 505 and 514).

### *Background*

In 1994, in the United States District Court of the Northern District of Indiana, plaintiff Gagan obtained judgment for over $1.6 million dollars against defendant Monroe, among others ("the Indiana judgment"). On March 28, 1995, a Certification for

---

[1] W. Lance Webb, LaJunta Daniels, Kimberley Sullivan, Adam Salene, Turtle Communications, Inc. and Latekidi Group, LLC expressly join in this motion to stay. Notice of Joinder (Doc. 506). These individuals and entities identify themselves as defendants, but that is not entirely accurate. While they are all defendants in the related action of Gagan v. Monroe, No. CV-13-1113-PHX-RCB, none are defendants in this action, although Ms. Sullivan is a garnishee herein.

1 Registration in Another District was filed in this United States District Court ("the
2 Arizona registered judgment"). Since then, plaintiff Gagan has engaged in extensive
3 efforts to enforce and collect upon the Arizona registered judgment here and elsewhere.
4 As part of those efforts, on November 1, 2013, plaintiff Gagan's attorney issued to Mr.
5 Hirth, a non-party, a subpoena to produce documents, etc. See Mot. (Doc. 514) at 4.
6 Mr. Hirth was to produce those documents on November 18, 2013, at the law offices of
7 plaintiff Gagan's attorney. See id. at 4.

8 Rather than complying with that subpoena, on November 15, 2013, Mr. Hirth e-
9 mailed to the court and to plaintiff's counsel his motion to quash the subpoena, which has
10 been filed. In his motion to quash, Mr. Hirth notes that also pending before the court is
11 defendant Monroe's motion for a stay. In that motion, defendant Monroe is seeking a
12 stay of "all other proceedings in this case, including discovery, collection and other
13 actions, until such time as the Motion to Dismiss . . . is litigated and resolved[.]" Mot.
14 (Doc. 505) at 1:17-19. Mr. Hirth asserts that the court should grant his motion to quash
15 because it encompasses the relief which defendant Monroe seeks in his motion to stay.
16 Additionally, Mr. Hirth relies upon the pendency of defendant Monroe's motion to
17 dismiss for lack of subject matter jurisdiction. (Doc. 494) In light of the foregoing, Mr.
18 Hirth requests that the court quash the November 1, 2013 subpoena "without prejudice at
19 least until the . . . Motion to Dismiss is ruled upon." Mot. (Doc. 514) at 1:16-17.

20 Evidently believing that defendant Monroe will not prevail on his motion to
21 dismiss, plaintiff Gagan asserts that "there is no good basis to stay the [Hirth] subpoena."
22 Resp. (Doc. 512) at 1:21. In opposing Hirth's motion to quash, the plaintiff notes that
23 Mr. Hirth is not claiming any hardship in having to respond to the outstanding subpoena.
24 Plaintiff Gagan further notes that no party is challenging the validity of the Indiana
25 judgment, as opposed to that of the Arizona registered judgment.

26 Defendant Monroe, arguing that the court has broad discretion to stay discovery
27 while a dispositive motion is pending, is seeking a stay of "all other proceedings in this
28 case, including discovery, collection and other actions, until such time as the Motion to

- 2 -

Dismiss . . . is . . . resolved." Mot. (Doc. 505) at 17-19. Plaintiff Gagan is not opposing this particular motion.

## *Discussion*

### *I. Request for Judicial Notice*

Defendant Monroe includes in his motion to stay a request for judicial notice ("RJN") pursuant to Fed.R.Evid. 201. The defendant broadly requests that this court take judicial notice of "relevant documents . . . filed in this case and with the Maricopa County Recorder's office[,]" pertaining to the fundamental issue on his pending motion to dismiss: "whether plaintiff strictly adhered to the Arizona statutory procedures for renewal of his Indiana judgment." Mot. (Doc. 505) at 3: 8-9. The court assumes by the plaintiff's silence that he acquiesces in this request.

In any event, the court may properly take judicial notice of the foregoing documents. Rule 201 allows a court to take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b)(2). The documents mentioned by defendant Monroe, comprised of court filings in this and other closely related cases, as well as other matters of public record, constitute such facts. See Fidelity Nat. Financial, Inc. v. Friedman, 939 F.Supp.2d 974, 977 (D.Ariz. 2013) ("[T]he sources of the parties' RJNs are all court filings in this or several closely related actions. Because these filings are all matters of public record, they are properly the subject of judicial notice." See, *e.g.*, Terenkian v. Republic of Iraq, 694 F.3d 1122, 1137 n. 8 (9th Cir. 2012) (citation omitted) (granting RJNs "of certain pleadings and court filings in the New York litigation submitted" by the parties); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) ("court filings and other matters of public record" were "readily verifiable and, therefore, the proper subject of judicial notice[ ]"); Kourtis v. Cameron, 419 F.3d 989, 994 n. 2 (9th Cir. 2005) (citation omitted) ("court records from related proceedings can be taken into account without converting a motion to dismiss into a summary judgment motion[ ]"), *overruled on other grounds*, Taylor v.

1 Sturgell, 553 U.S. 880, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008)).   Therefore, the court will take judicial notice of the documents as defendant Monroe requests.

## II.  Stay

LRCiv 7.2(c) gives the opposing party 14 days after service in which to serve and file any responsive memorandum. Moreover, a party's failure to file and serve the required answering memoranda "may be deemed a consent to the . . . granting of the motion[.]" See LRCiv 7.2(i).   Defendant Monroe filed and served his motion to stay upon plaintiff Gagan on November 11, 2013.  Doc. 505 (Notice of Electronic Filing). Calculating the time in accordance with Fed.R.Civ.P. 6(d),[2] plaintiff Gagan had until November 28, 2013, by which to file and serve his response to defendant Monroe's motion to stay.   Plaintiff Gagan did not file a response, timely or otherwise.  The court deems that failure to be his consent to the granting of defendant Monroe's motion for a stay.

## III.  Quash the Subpoena

Plainly, it would be inconsistent to grant defendant Monroe's motion to stay (as the court has), while at the same time denying Mr. Hirth's motion to quash.  Thus, for the sake of consistency and because plaintiff Gagan offers no sound basis for denying this motion to quash, the court **GRANTS** Mr. Hirth's motion in that regard.

As set forth above, the court **HEREBY ORDERS** that:

(1) "Defendant James Monroe's Request for Stay" (Doc. 505) is **GRANTED** in its entirety; and all proceeding in this matter are stayed, including but not limited to discovery, writs, subpoenas, depositions, and execution on the underlying judgment in this case, until further Order of this Court; and

**IT IS FURTHER ORDERED** that:

(2) the "Motion to Quash  Subpoena" by Gary Hirth (Doc. 514) is **GRANTED**; and the November 1, 2013, subpoena issued by attorney David Bray (Doc. 514 at 4-6) is

---

[2] That Rule provides, *inter alia*, that three "days are added after the period would otherwise expire under Rule 6(a)[]" if service is done by electronic means.  Fed.R.Civ.6(d).

- 4 -

1 quashed without prejudice pending resolution of the defense motion to dismiss (Doc.
2 494).
3  DATED this 27th day of December, 2013.

_____
Robert C. Broomfield
Senior United States District Judge